# Appeal of the City of Wilkes-Barre.

1. The Constitution of 1874 provides in § 8 of Article IX. : "The debt of any . . . . . municipality or incorporated district . . . . . shall never exceed seven per centum upon the assessed value of the taxable property therein, nor shall any such municipality or district incur any new debt or increase its indebtedness to an amount exceeding two per centum upon such assessed valuation of property without the assent of the electors thereof at a public election in such manner as shall be provided by law. The Act of April 20, 1874, P. L. 65, Purd. Dig. (11 Ed.) 1243, provides for the holding of public elections to regulate such proposed increase of indebtedness.

*Held,* under the foregoing Constitutional provision that a municipality cannot increase its indebtedness in such an amount that the proposed increase, added to the debt incurred since the adoption of the Constitution of 1874, shall exceed two per centum upon the assessed value of the taxable property therein, without the assent of the electors thereof at a public election.

April 14th, 1885.   Before Mercur, C. J., Gordon, Paxson, Trunkey, Sterrett and Clark, JJ.; Green. J., absent.

Appeal from the Court of Common Pleas of *Luzerne county* in Equity : Of January Term 1885, No. 429.

This was a bill in equity filed February 6th, 1885, by Lewis S. Jones, John W. Hollenback and H. H. Derr, citizens and taxpayers of Wilkes-Barre, as well for themselves as for such other citizens and taxpayers as might thereafter be made additional complainants, and the City of Wilkes-Barre defendant.

The bill averred that the total value of the taxable property in said city, according to the last preceding assessed valuation therein was $3,725,142.00.

That the gross debt of said city was $134,980.56, which said debt was incurred at times and amounts as follows :—

1. Bonds issued May 1st, 1884, known as extension debt of 1874, to extend and refund other bonds issued prior to the adoption of the Constitution of Pennsylvania of 1874, . . . . $30,000 00
2. Bonds issued June 1st, 1887, known as funding debt bonds, to refund and extend certain bonds issued by said city prior to the adoption of the Constitution of 1874, amounting to $12,600.00, and to fund a floating indebtedness incurred by said city between the date of its incorporation, in 1871, and the date of the issue of said bonds in 1877, . . . . . 25,500 00
3. Bonds issued November 1st, 1882, known as sewer bonds, . . . . . . . . . . . 60,000 00
4. Accrued interest on said securities, . . . . 3,960 00
5. Floating debt of said city, . . . . . . . 15,520 56

Total gross indebtedness, . . . . . . . . $134,980 56
Deducting therefrom the moneys in the treasury, outstanding solvent debts and revenues then applicable within the fiscal year to the payment of said debt, . . . . . . . . . $63,602 39
The indebtedness of said city, calculated according to the 5th Section of the Act of 20th April, 1874, (P. L. page 65,) was . . . . 71,378 17

That the Council of said city had passed certain ordinances for the building of engine houses, the purchase of fire apparatus, and paving; increasing her indebtedness thereby in the sum of $62,500,—that this amount added to the said indebtedness $71,378.17 would increase the indebtedness of the city to $133,878.17 or more than two per cent. of the taxable property of the city, and that after deducting the amount of bonds issued to refund bonds issued prior to the adoption of the Constitution of 1874 ($42,600,) it would increase the indebtedness of the city to $90,278.17 or more than two per cent. of the taxable property of the city, and that the city authorities were about to issue bonds for such indebtedness without complying with the 3d section of the Act of April 20th, 1874, (P. L. p. 65) requiring the assent of the electors of the city duly obtained at a public election to be held therein.

The bill prayed for an injunction restraining the defendant from incurring the indebtedness, or so much thereof as should be determined to be unauthorized without having first obtained the assent of the electors of the city in accordance with the third section of the said Act.

The answer admitted the material facts of the bill, but

alleges that of the $25,500 bonds issued in 1877, $12,000 was issued to refund city bonds issued prior to 1874, and the balance was credited to the general fund, out of which there was afterwards paid $3,862.14 for a certain mortgage given by the city in 1873.

The cause was heard on bill and answer and the court below granted the injunction, RICE, P. J. delivering the opinion of the court, in part as follows :—

"It is an admitted fact that the amount of the proposed increase of debt ($62,500) is, in itself less than two per centum of the assessed value of the taxable property. For the purposes of the present hearing, we think it must also be taken as an admitted fact, that when added to the present net indebtedness (after deducting from the same such portion thereof as was in existence on January 1st, 1874) the aggregate will exceed two per centum of the assessed value—as will be seen by the following figures :

| | | |
|---|---:|---:|
| Total debt, . . . . . . . . . . . . . | | $139,980 56 |
| Money in treasury, outstanding solvent debts, and revenues applicable within the present fiscal year to the payment of said debt, . . | | 63,602 39 |
| Net debt, . . . . . . . . . . . . | | $71,378 17 |
| Deduct portion of present debt which was in existence January 1st, 1874, represented by the following amounts, viz : | | |
| Refunding bonds of 1884, . . . | $30,000 00 | |
| Bonds of June, 1877, . . . . . | 12,600 00 | |
| Mortgage, . . . . . . . . . | 3,862 14 | |
| | | $46,462 14 |
| | | $24,916 03 |
| Add proposed increase, . . . . . . . . . · . . | | 62,500 00 |
| Aggregate, . . . . . . . . . . . . . | | $87,416 03 |
| Two per centum of assessed value, . . . . . | | 74,502 84 |
| Excess of aggregate debt over two per centum of assessed value, . . . . . . . . . | | $12,913 19 |

\*     \*     \*     \*     \*     \*     \*

"The defendants' counsel contend, that it is only in cases where the indebtedness proposed to be created will, taken by itself, exceed two per centum of the last assessed valuation of property, that the question must be submitted to a vote of the people. The plaintiffs' counsel contends, that, in determin-

ing whether the municipal authorities may incur the proposed indebtedness without the vote of the people, the existing indebtedness incurred since the Constitution of 1874 went into effect must also be taken into account, and if both together, (after deducting money in the treasury, outstanding solvent debts and revenues applicable within the fiscal year to the payment of said debt) will make an aggregate exceeding two per centum of the assessed value of property, then the question must be submitted to a vote of the electors. According to the former construction there is nothing to prevent the municipal authorities, without a vote of the electors, adding to the indebtedness, until the seven per centum limit is reached, provided the debt incurred at any one time does not exceed two per centum; while, according to the latter construction, the authority of the municipal authorities to incur debt without the consent of the electors will be, for the present, exhausted when two per centum of the assessed value of the taxable property has been added to the present debt, which was in existence on January 1st, 1874. We are requested to decide between these conflicting theories as speedily as possible, in order that the question may be brought at once before the Supreme Court. We appreciate the importance of the question, and we hasten to decide it in order that it may be reviewed at the present term. The time allowed will, however, permit no more than a statement of our conclusion, that the construction contended for by the plaintiffs seems to best accord with the plain meaning of the terms used in the section, to most surely carry out the purpose which the convention and the people had in view in its adoption, to be the sense which the Legislature gave to it (see Section 2, Act April 20, 1874—supra), and to be required by the decisions, so far as opinions have been expressed by the Supreme Court upon the particular question. In Wheeler v. Phila., 27 P. F. S., 352, the court said: 'The municipal authorities may increase the debt from time to time until two per centum has been added, provided the original debt, with the increase, does not exceed seven per centum. After the two per centum has been added, there can be no further increase without the vote of the people.' Language could not be plainer, and, unless we entirely misapprehend the meaning of the court, it was approved in Pike Co. v. Rowland, 13 Nor., 238. For these reasons we hold that, on the admitted facts, the municipal authorities may lawfully increase the present debt by $49,586.81, but that they cannot go beyond that amount without submitting the question to a vote of the qualified electors of the city and obtaining their assent."

The court entered the following decree:

[Appeal of City of Wilkes-Barre.]

"Now, 9th March, A. D. 1885, this cause came on to be heard at this term, and was argued by counsel and thereupon, upon consideration thereof, it is ordered, adjudged and decreed as follows, viz: That the city of Wilkes-Barre, the respondent herein, her officers and agents be enjoined and restrained from increasing the indebtedness of said city for the purposes declared in the bill, in an amount under the present assessment exceeding the sum of forty-nine thousand five hundred and eighty-six and eighty-one one hundredth dollars without first having obtained the assent of the electors of said city at a public election held in accordance with the provisions of the third section of the Act of 20 April, 1874 (P. L., 65), and the said respondent is further enjoined from issuing bonds or other obligations for any sum or sums in excess of said amount."

The city of Wilkes-Barre thereupon took this appeal, assigning for error the making of the said final decree.

*Allan H. Dickson* and *Henry W. Palmer* (with whom was *George R. Bedford*), for appellants.—The two per centum restriction was to prevent increases by temporary officers in large sums at any one time without an election. It was not intended that when the debt is less than 7 per cent. the officers should be deprived of power to make immediate improvements provided they keep within 2 per cent: Judge TRUNKEY in Pike Co. *v.* Rowland, 94 Pa. St., 249. The clause was explained in the Constitutional Convention as referring to an *increase* exceeding two per cent.: 6 Cons. Deb., p. 143. It does not appear that the debt now proposed is to be added to a debt incurred three years ago, in order to determine the sum to be measured by the 2 per cent., any more than it appears that the old debt is to be added to a debt in existence when the Constitution of 1874 was adopted. If one addition should be made the other should. The construction contended for by the defendants in error would unjustly discriminate against cities that had small debts and few improvements at the adoption of the constitution. If indebtedness existing then is to be considered, municipalities will indefinitely refund their old loans so as not to reduce their money-raising power.

*William S. McLean*, for appellees.—The increase proposed without the intervention of the electors of the city is clearly contrary to section 8, Art. IX of the Constitution, and the Act of April 20th, 1874: Wheeler *v.* Philadelphia, 77 Pa. St., 352; Pike Co. *v.* Rowland, 94 Id., 238.

Chief Justice MERCUR delivered the opinion of the Court April 27th, 1885.

So much of Art. IX, Sect. 8, of the Constitution of 1874, as is now necessary to consider, declares that the debt of any county, city, borough, township, school district, or other municipality or incorporated district, . . . . . shall never exceed seven per centum on the assessed valuation of the taxable property therein, nor shall any such municipality or district incur any new debt or increase its indebtedness to an amount exceeding two per centum upon such assessed valuation of property, without the assent of the electors thereof at a public election, in such manner as shall be provided by law. As the debt of this city did not exceed seven per centum of such assessed valuation at the time of the adoption of the Constitution, the latter part of this section does not apply to the present case.

The proposed increase of debt is in itself less than two per centum of the assessed value of the taxable property; but added to the previously existing debt, makes the aggregate indebtedness more than two per centum. The contention is whether this can be done without the previous assent of the electors in the manner prescribed by the Constitution. As we have shown, one clause thereof declares the city shall not increase its indebtedness "to an amount exceeding two per centum" without such assent. There is no warrant in the Constitution to sustain the proposition that the city may now and from time to time as it sees proper, within the maximum limit of seven per centum, increase the indebtedness by successive steps if each increase be less than two per centum. Such action is not sanctioned by either the letter or the spirit of the Constitution. It is not one specific increase of more than two per centum that is forbidden. It is an aggregate indebtedness exceeding that per centum that is prohibited. Sections two and three of the Act of 20th April, 1874, Pur. Dig. pages 1928–29, repeat the language of the Constitution and provide for elections in furtherance thereof. The argument that ignores the aggregate indebtedness and considers the addition only, thereto, proves too much. It would nullify the right of the electors to vote on the question of increase altogether. By successive increases, each less than two per centum, the city might have the aggregate indebtedness reach the seven per centum without a vote of the electors. Up to that per centum the city would deny the right of the electors to vote on the question of increase, and beyond that per centum the Constitution itself prohibits any increase. It follows the learned judge was clearly right in holding that without submitting the question to a vote of the qualified electors of the city and obtaining their assent, the indebtedness of the city cannot be increased so as to aggregate in all more than

two per centum upon the assessed value of the taxable property therein.

> Decree affirmed and appeal dismissed at the costs of the appellants.